1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E.N.,

        Plaintiff,

  v.

BYRON UNION SCHOOL DISTRICT,

        Defendant.

_____/

No. C 06-06052 CRB

**ORDER DENYING
MOTION TO DISMISS**

     Plaintiff, a disabled minor, claims that the Byron Union School District and the Contra Costa County Special Education Local Plan Area ("Defendants") denied him a free appropriate public education ("FAPE"), in violation of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415.

     Plaintiff's claim was rejected by the California Office of Administrative Hearings on June 30, 2006.  Under both federal and state law, Plaintiff had 90 days from the date of this adverse administrative decision to seek review in federal court.  20 U.S.C. § 1415(i)(2)(B); Cal. Educ. Code § 56505(k).  Plaintiff timely filed such a complaint in this Court on September 28, 2006.

     Plaintiff further had an obligation, however, to serve Defendant with a copy of the complaint within 120 days of filing.  Fed. R. Civ. P. 4(m).  There is no dispute that Plaintiff failed to comply with this requirement of service.  Instead, Plaintiff served a copy of the

1   complaint on the two named defendants on February 6 and 7, 2007, which was eleven and

2   twelve days after the deadline for service expired on January 26, 2007.  Two days later, on

3   February 9, 2007, Plaintiff's counsel alerted Defendants' counsel about the pending

4   complaint.  Defendants now move to dismiss the complaint under Rule 4(m) due to

5   Plaintiff's failure to serve the complaint in a timely fashion.

6   "Rule 4(m) replaced former Rule 4(j) in the 1993 amendments.  The current rule

7   requires a district court to grant an extension of time if good cause is shown and permits the

8   district court to grant such an extension even absent good cause.  This differs from former

9   Rule 4(j), which did not permit extensions absent good cause."  Mann v. Am. Airlines, 324

10  F.3d 1088, 1090 n.2 (9th Cir.2003) (citations omitted) (citing Henderson v. United States,

11  517 U.S. 654, 662 (1996)).  The Ninth Circuit has held that a district court may grant an

12  extension of time retroactively, so that a plaintiff's untimely service may be absolved even if

13  it is completed late.  Id. at 1090.

14  Here, the Court need not determine whether Plaintiff has demonstrated good cause for

15  his failure to serve the complaint in a timely fashion.  See In re Sheehan, 253 F.3d 507, 512

16  (9th Cir. 2001) (directing district courts to consider "(a) the party to be served received actual

17  notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be

18  severely prejudiced if his complaint were dismissed" (quoting Boudette v. Barnette, 923 F.2d

19  754, 756 (9th Cir.1991))).  Assuming that Plaintiff has failed to demonstrate good cause, the

20  Court declines to exercise its discretion to dismiss the complaint.

21  The Court is unwilling to exercise its discretion to dismiss the complaint in this case

22  for several reasons.  First, dismissing the complaint would effectively terminate the litigation,

23  since 90 days has long since passed for the filing of a valid complaint.  Although untimely

24  service is admittedly troubling, and no doubt frustrating to Defendants, dismissal in this case

25  would effect the drastic consequence that Plaintiff would have no alternative means to pursue

26  a remedy for the alleged violation of her statutory rights.  Second, although Defendants claim

27  to have been unaware that the complaint was pending against them during this 90-day period,

28  they were not unaware that Plaintiff remained interested in finding a resolution to his

United States District Court
For the Northern District of California

grievance about his educational plan.  Indeed, the parties engaged in settlement negotiations after the 90-day deadline had expired for Plaintiff to file his complaint.  It is true, as Defendants note in their reply brief, that Plaintiff could have used those negotiations as an opportunity to effect service of process.  But it is equally true that the threat or initiation of a lawsuit is frequently counterproductive to the amicable settlement of a dispute.  Thus, the fact that the parties continued to negotiate with each other even after the filing deadline had passed cuts as much in Plaintiff's favor as against him.  In light of the fact that Plaintiff continued to attempt an informal resolution of the dispute, rather than immediately invoking the specter of litigation that he had already initiated, this Court is unwilling to enforce the 120-day service deadline against him with absolute strictness.  Finally, Plaintiff's counsel has represented to the Court that she was ill for much of the period of time between the failed settlement negotiations and the delayed service of the complaint.  Although an attorney's illness, forgetfulness, or inadvertent delay may not constitute the type of "good cause" that compels the Court to grant an extension of time, see Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.1985), this Court nonetheless declines to exercise its discretion to dismiss the complaint outright under such circumstances when the result is only an delay of eleven, twelve, or even (in the case of Defendants' attorney) fourteen days.  Finally, the Court fails to see how such a small delay would prejudice Defendants in defending the administrative ruling below.

        For these reasons, even assuming that Plaintiff has failed to show good cause for her untimely service of the complaint, the Court declines to exercise its discretion under Rule 4(m) to dismiss this civil action.  Accordingly, Defendants' motion is DENIED.

        **IT IS SO ORDERED.**

Dated:  March 26, 2007

_____
CHARLES  R.  BREYER
UNITED STATES DISTRICT JUDGE